UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANTHONY BRIAN MALLGREN,

                Plaintiff,

        v.

MOTION RECRUITMENT PARTNERS INC.,
CONTROL GROUP, INC. and BROOKFIELD
ASSET MANAGEMENT LLC,

                Defendants.

-------------------------------------------------------------X

**MEMORANDUM & ORDER**
13-CV-1054 (MKB)

MARGO K. BRODIE, United States District Judge:

On February 23, 2013, Plaintiff Anthony Brian Mallgren filed the above-captioned *pro se* action against Defendants Motion Recruitment Partners, Inc., Control Group, Inc. and Brookfield Asset Management LLC for claims arising out of his termination in 2012. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Complaint is dismissed for lack of subject matter jurisdiction. Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including limitations on filing.

**I.   Background**

The Complaint in this action consists of complaints about the handling of Plaintiff's action in the United States District Court for the Southern District of New York, Docket Number 12 Civ. 7404, and a statement that Plaintiff's "intellectual property is falling into the hands of those who do not necessarily have the ethical basis to properly utilize the intellectual property."

(Compl., "Injury" ¶ 1.) The Complaint does not include any factual allegations, but states that "Mallgren wishes to fully incorporate all attached complaints by reference into this complaint as if they were fully enumerated here." (Compl., "Statement of Claim" ¶ 3.) Plaintiff's only request for relief is that he "wishes to prosecute these cases within a Federal Jurisdiction." (Compl., "Relief" ¶ 1.) Attached to the Complaint are three separate documents that appear to be complaints with the Supreme Court of the State of New York, County of New York caption. The state-court documents describe Plaintiff's interactions with two entities: Jobspring Partners and Control Group. They allege that Plaintiff was hired by Control Group to produce a computer code for a project on behalf of Brookfield Asset Management LLC. Plaintiff completed the work for Control Group and was subsequently terminated for inappropriate attire and for being "sarcastic." (Compl. Attach. 4, 9.[1]) There are no allegations against Motion Recruitment Partners Inc. The state-court documents demand unspecified relief for breach of contract, negligence and fraudulent misrepresentation. (Compl. Attach. 4, 6, 9.)

Plaintiff has filed six civil actions in this Court between January 23, 2013 and March 16, 2013. The first action, *Mallgren v. Louis Vuitton North America, Inc. et al.*, No. 13 Civ. 416, was transferred to the United States District Court for the Central District of California, which court dismissed the case. No. 13 Civ. 706, slip op. (C.D.Cal. Feb. 12, 2013) (denying leave to file without the prepayment of fees pursuant to 28 U.S.C. § 1915(e)(2)(B)). Plaintiff's second action was dismissed in part, and Plaintiff was granted leave to amend his claim for false arrest related to prior incidents in New York City. *Mallgren v. New York City*, No. 13 Civ. 724, 2013

---

[1] The page numbers for the attachments to the Complaint refer to the ECF docketing pagination.

WL 816236 (E.D.N.Y. March 4, 2013). Plaintiff did not file an amended complaint. Instead, Plaintiff filed a notice of appeal to the Court of Appeals for the Second Circuit, where the appeal remains pending. Two other subsequent actions are also now dismissed by this Court, and another remains pending. See *Mallgren v. John Doe Corporation*, No. 13 Civ. 1265 (dismissed as frivolous and for failure to state a claim); *Mallgren v. Bloomberg, et al.*, No. 13 Civ. 1466 (dismissed as frivolous and for failure to state a claim); *Mallgren v. Metropolitan Transportation Authority*, No. 13 Civ. 986 (pending).

Plaintiff has also filed multiple actions in the United States District Court for the Southern District of New York. See *Mallgren v. New York State Supreme Court*, No. 12 Civ. 7240, slip op. (S.D.N.Y. Nov. 13, 2012) (dismissed for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted, and because the defendant is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Mallgren v. New York State Supreme Court, et al.*, No. 12 Civ. 7404, 2013 WL 586857 (S.D.N.Y. Feb. 11, 2013) (dismissed for failure to comply with filing requirements); *Mallgren v. Intellectual Ventures*, No. 12 Civ. 7447, slip op. (S.D.N.Y. Nov. 7, 2012) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Mallgren v. Microsoft, et al.*, No. 12 Civ. 7517 (S.D.N.Y.) (pending); *Mallgren v. New York Hospital*, No. 13 Civ. 1763 (pending).

On March 20, 2013, Plaintiff filed a "Motion for Emergency Injunctive Relief" in this and three other cases before this Court. The Motions, identical in each case, save for the docket number, seek:

> injunction [*sic*] relief, either for the staying of all effected [*sic*] proceedings (in New York State Courts, United States Courts of the Southern and Eastern District of New York and the Second Circuit of Appeals), the concerted transfer of jurisdiction/venue and leave to execute all current and future proceedings with

> original jurisdiction here, in the United States District Courts of Washington and the Ninth Circuit of Appeals, as well as an order allowing Mallgren, upon the wish of Mallgren, to return to the New York City shelter system . . . , with the option of future use of the benefits provided by Project Reconnect.

(Docket Entry No. 4 ("Mot. for Emer. Inj. Relief").) *See also Mallgren v. John Doe Corporation*, No. 13 Civ. 1265, Docket Entry No. 4 ("Mot. for Emer. Inj. Relief"); *Mallgren v. Metropolitan Transportation Authority*, No. 13 Civ. 0986, Docket Entry No. 4 ("Mot. for Emer. Inj. Relief"); *Mallgren v. New York City*, No. 13 Civ. 724, Docket Entry No. 27 ("Mot. for Emer. Inj. Relief").

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an IFP action, if the court determines it "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999) (inquiring into whether *pro se* plaintiff established subject matter jurisdiction); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11 Civ. 5369, 2012 WL 1657362, at * 3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331 and § 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### b. Lack of Jurisdiction

The instant Complaint fails to assert any basis for this Court's subject matter jurisdiction. The only factual allegations found in the Complaint and the attached state-court documents involve Plaintiff's brief employment with Defendants. All of Plaintiff's claims, including breach of contract, negligence, and fraudulent misrepresentation, sound in state law and do not provide a

basis for exercising federal jurisdiction. Although Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331, nothing in his Complaint or the attached documents suggests the violation of any federal law or constitutional right or any other basis for federal question jurisdiction over this action.

Moreover, Plaintiff has not alleged that the citizenship of the parties is diverse and that he exceeds the amount-in-controversy requirement necessary for diversity jurisdiction. As Plaintiff neither raises a question of federal law, nor asserts diversity jurisdiction, the Court has no basis for federal subject matter jurisdiction over this action.

### c. Motion for Emergency Injunctive Relief

Plaintiff's March 20, 2013 motion seeking emergency injunctive relief is denied for lack of jurisdiction and failure to state a claim. The motion explains Plaintiff's indecision about remaining in New York City or departing for Spokane, Washington, asks this Court to stay or transfer all of Plaintiff's pending litigation in this and other courts, and seeks an order providing future access to emergency housing and other benefits from the New York City Department of Homeless Services. (Docket Entry No. 4 ("Mot. for Emer. Inj. Relief").)

Plaintiff's request for a stay or transfer of all pending litigation is denied. Plaintiff has presented no grounds to stay the instant Complaint while he decides where to reside. The underlying Complaint is hereby dismissed for lack of subject matter jurisdiction. No change of venue will transform the Complaint into a viable civil action. Accordingly, the request for a stay of this action is denied. This Court does not have jurisdiction over Plaintiff's complaints in the New York State courts, in other federal district courts, or in the Court of Appeals. Any requests for a stay of those cases must be directed to the appropriate courts.

Plaintiff's request for an order allowing him access to emergency housing and Project Reconnect benefits is denied for failure to state a claim. Neither the United States Constitution nor any other federal law establishes a fundamental right to public housing or emergency shelter. *See, e.g., Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (finding no "constitutional guarantee of access to dwellings of a particular quality"); *Acevedo v. Nassau County, New York*, 500 F.2d 1078, 1080–1081 (2d Cir. 1974) (finding no constitutional or statutory duty to provide low income housing); *Fair Hous. In Huntington Comm. v. Town of Huntington, NY*, No. 02 Civ. 2787, 2005 WL 675838, at *8 (E.D.N.Y. Mar. 23, 2005) ("Unfortunately for Plaintiffs, there is no constitutional or statutory duty to provide low income housing, nor is there a constitutional guarantee of access to dwellings of a particular quality." (quoting *Acevedo*, 500 F.2d at 1080–81) (internal quotation marks omitted)), *on reconsideration in part*, 2005 WL 3184273 (E.D.N.Y. Nov. 29, 2005). Plaintiff has not alleged that he faces discrimination or disparate treatment that could serve as the basis for a claim that could be cognizable under the Civil Rights Act, 42 U.S.C. § 1983, or the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* Accordingly, his request for a guarantee of future housing to be provided by the City of New York fails to state a claim upon which relief may be granted.

### d. Frequent Frivolous Litigation

Of the six cases Plaintiff has filed in this Court between January 23, 2013 and March 16, 2013, three have now been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) or for lack of subject matter jurisdiction. The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the

efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *see also Amaker v. Haponik*, 125 F. App'x 375, 376 (2d Cir. 2005) (warning plaintiff that "filing of frivolous appeals . . . may result in the imposition of leave-to-file sanctions," as "[s]uch a measure is appropriately applied to those litigants who have a 'clear pattern of abusing the litigation process by filing vexatious and frivolous complaints'" (quoting *In re Sassower*, 20 F.3d at 44)); *In re Knows*, No. 12 Civ. 1908, 2012 WL 2923317, at *2 (E.D.N.Y. July 18, 2012) (putting plaintiff "on notice that any future filing of vexatious or frivolous complaints with the court may lead the court to impose an injunction prohibiting her from filing a complaint without the court's prior authorization" (citing *In re Sassower*, 20 F.3d at 44)).

## III. Conclusion

The Court does not have subject matter jurisdiction over Plaintiff's claims. Accordingly, the Complaint is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). Plaintiff's "Motion for Emergency Injunctive Relief" is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/S/ Judge Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated: Brooklyn, New York
       May 2, 2013